**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:23-cr-601 |
|  | ) |  |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
|  | ) |  |
| vs. | ) |  |
|  | ) | MEMORANDUM OPINION |
|  | ) | AND ORDER |
| ROBERT ORAVETS, | ) |  |
|  | ) |  |
|  | ) |  |
| DEFENDANT. | ) |  |

On November 14, 2023, an indictment issued charging defendant Robert Oravets ("Oravets") with one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Doc. No. 1 (Indictment).) Specifically, the indictment provides that, on March 22, 2023, Oravets illegally possessed a Glock, model 23, .40 caliber pistol and ammunition, having previously been convicted of felony drug trafficking in Cuyahoga County Court of Pleas Case No. CR-19-636506 and Cuyahoga County Court of Common Pleas Case No. CR-18-635774. (*Id.*)

Oravets now moves, pursuant to Fed. R. Crim. P. 12(b)(3)(B), to dismiss the indictment. (Doc. No. 27 (Motion).) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 28 (Response).)[1] Relying on the Supreme Court's 2022 decision in *New York*

---

[1] On April 18, 2024, Oravets entered a guilty plea to the indictment. (Minutes of Proceedings [non-document], 04/18/2024.) At the scheduled sentencing hearing, defendant's counsel made an oral motion to continue the hearing so that he could further investigate and review evidence relating to the firearm involved in the offense. The Court granted the motion to continue and rescheduled the sentencing hearing. (*See* Minute Order [non-document], 08/19/2024.) Thereafter, Oravets filed the present untimely motion to dismiss the indictment.

*State Riffle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022), Oravets argues that the sole count in the indictment should be dismissed because the statute under which he is charged—§ 922(g)(1)—is unconstitutional, both facially and as applied to him. (*Id*. at 1.[2]) The Court has already exhaustively addressed the constitutionality of § 922(g)(1) in the wake of *Bruen*, and it has specifically rejected each and every argument in that prior decision now raised by Oravets. *United States v. Brown*, No. 1:22-cr-704, 2023 WL 7323335, at *4 (N.D. Ohio Nov. 7, 2023) (holding that "[t]his Court is bound by Supreme Court and Sixth Circuit precedent finding restrictions on gun ownership by convicted felons, such as those found in § 922(g)(1), constitutional"); *see United States v. Lucas*, No. 5:22-cr-561, 2024 WL 895317 (N.D. Ohio Mar. 1, 2024) (same).

Moreover, as discussed herein, since the filing of the present motion to dismiss, the Sixth Circuit issued a decision on the applicability of *Bruen* that forecloses both of Oravets's challenges to § 922(g)(1). *See United States v. Williams*, No. 23-6115, __ F.4th __, 2024 WL 3912894, at *18 (6th Cir. Aug. 23, 2024) (holding that "§ 922(g)(1) is constitutional on its face and as applied to dangerous people" (recommended for publication)). The Court writes now to briefly reiterate that binding precedent dictates that the Court deny Oravets's motion.

---

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

I.     STANDARD OF REVIEW

Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure provides that a defendant can move to dismiss an indictment for failing to state an offense. An indictment properly charges a criminal offense if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974). When evaluating the content of the indictment, a court must take the allegations in it as true. *United States v. Lee*, 919 F.3d 340, 349 (6th Cir. 2019) (quotation marks and citation omitted).

II.    DISCUSSION

### A. Binding Precedent Forecloses Oravets's Facial Challenge to § 922(g)(1)

Constitutional analysis begins with the text of the Constitution itself. The Second Amendment provides, in full, that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *District of Columbia v. Heller*, 554 U.S. 570, 592, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008), the Supreme Court held that the operative clause of the Second Amendment (*i.e.*, "the right of the people to keep and bear Arms[] shall not be infringed") conferred an individual right to "law-abiding, responsible citizens" to keep and bear arms regardless of service in the militia. *See Bruen*, 597 U.S. at 20.

Importantly, however, in conferring this right the Court also noted that the right was not absolute. *Heller*, 554 U.S. at 626. The Court cautioned that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]" *Id*.

(recognizing that the Second Amendment right to keep and bear arms "is not unlimited"). The Court has since reaffirmed its cautionary tone and explicitly refused to cast doubt on "longstanding prohibitions" for firearm possession (including those for felons). *See McDonald v. City of Chicago*, 561 U.S. 742, 786, 130 S. Ct. 2020, 177 L. Ed. 2d 894 (2010) ("[The Court] made it clear in *Heller* that [the Court's] holding did not 'cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill . . . .' We repeat those assurances here." (quoting *Heller* 554 U.S. at 626–27)).

*Bruen* did not overturn *Heller* or *McDonald* or otherwise relieve this Court of the obligation to follow Supreme Court precedent. It did, however, settle on a standard for reviewing the constitutionality of regulations to firearm possession. Specifically, the Supreme Court laid out the framework for "applying the Second Amendment" as follows:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.

*Bruen*, 597 U.S. at 24. *Bruen*, thus, rejected the "popular" two step test previously adopted by some circuit courts after *Heller*, including the Sixth Circuit in certain decisions (*see, e.g., United States v. Greeno*, 679 F.3d 510, 518 (6th Cir. 2012)), that relied on the "means-end scrutiny" to evaluate laws under the Second Amendment. Instead, it limited the analysis to the "text and history" of the Second Amendment. *See id.* at 23.

In the two years since *Bruen* was decided, federal criminal defendants and prisoners across the country have attempted to leverage the ruling in *Bruen* to contest their indictments charging, or convictions for, being a felon in possession of firearms and/or ammunition under § 922(g)(1). Unfortunately for Oravets and those making similar challenges, the vast majority of courts to

4

address the issue have concluded that the ruling in *Bruen* did not "overturn, re-write, or alter" the Supreme Court's prior determinations that restrictions on the right of convicted felons to possess weapons are constitutional. *See, e.g.*, *United States v. Haywood*, No. 22-20417, 2023 WL 3669333, at *1–2 (E.D. Mich. May 25, 2023) (citing *Heller*, 554 U.S. at 625–26 and collecting lower court cases); *see, e.g., United States v. Miller,* No. 1:22-cr-645, 2023 WL 6065116, at *3–4 (N.D. Ohio Sept. 18, 2023) (refusing to declare § 922(g)(1) unconstitutional); *United States v. Taylor*, No. 1:23-cr-289, 2023 WL 5957107, at *3 (N.D. Ohio Sept. 12, 2023) (denying motion to dismiss indictment charging violation of § 922(g)(1) premised on *Bruen*); *United States v. Bluer*, No. 22-cr-20557, 2023 WL 3309844, at *6 (E.D. Mich. May 8, 2023) (recognizing the "overwhelming consensus" that "*Bruen* is no barrier to a § 922(g)(1) prosecution"); *United States v. Davis*, No. 5:19-cr-159, 2023 WL 373172, at *2 (E.D. Ky. Jan. 24, 2023) ("*Bruen* did nothing to change the prohibition on the possession of firearms by felons, which remains well-settled law." (collecting cases)).

Recently, the Sixth Circuit weighed in on the question of *Bruen's* effect, if any, on the constitutionality of federal felon-in-possession laws. In *Williams*, the defendant raised both a "facial" and an "as applied" challenge to the constitutionality of § 922(g)(1). 2024 WL 3912894, at *1. As to the facial challenge, the court applied *Bruen's* analytical framework and found that the "Second Amendment's plain text presumptively protects Williams's conduct." *Id*. at *7 (finding that Williams, a convicted felon, was "a member of the people claiming 'the right' to possess a gun—to 'keep and bear arms.'" (quoting *Heller*, 554 U.S. at 582)). The court then engaged in an exhaustive exploration and discussion of the history of gun regulation before concluding that "our nation's history and tradition demonstrate that Congress may disarm

individuals they believe are dangerous. Section 922(g)(1) is an attempt to do just that." *Id*. at *13. The ruling in *Williams*, therefore, forestalls Oravets's facial challenge to § 922(g)(1).

### B. Oravets's Criminal History Precludes His "As Applied" Challenge

Oravets's "as applied" challenge fares no better. Returning to the ruling in *Williams*, the Sixth Circuit found that the defendant could not mount an "as applied" challenge to § 922(g)(1) because his "criminal record shows that he's dangerous[.]" *Williams*, 2024 WL 3912894, at *17. The court observed that Williams had been convicted of two felony counts of aggravated robbery, which it noted was a crime "[a]ccomplished with a gun." *Id*. (citing Tenn. Code Ann. § 39-13-402). "That offense alone[,]" the court found, was "sufficient to conclude that Williams, if armed, presents a danger to others or the public." *Id*. But Williams had also been convicted of attempted murder and had a prior conviction of being a felon-in-possession." *Id*. Such a showing, the court held, was more than sufficient to demonstrate that "Williams may be constitutionally disarmed through a class-based statute like § 922(g)(1)." *Id.*

The court in *Williams* ultimately concluded that,

> A person convicted of a crime is "dangerous" and can thus be disarmed, if he has committed (1) a crime "against the body of another human being," including (but not limited to) murder, rape, assault, and robbery, or (2) a crime that inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary. An individual in either of those categories will have a very difficult time, to say the least, of showing he is not dangerous.

*Id*. at *18.[3]

---

[3] The court in *Williams* observed that "[a] more difficult category involves crimes that pose no threat of physical danger, like mail fraud, tax fraud, or making false statements." *Id*. It noted, however, that "such a case [was] not before" the court. *Id*. This third category is also not before *this* court.

Applying *Williams* to the facts of this case, the Court has little trouble concluding that Oravets is a dangerous person who may be constitutionally disarmed. *Id*. Oravets was twice convicted of felony drug trafficking, a crime that the court in *Williams* specifically identified as an offense that "inherently poses a significant threat of danger" to the public. *Id*. at *15, 18 (noting that drug trafficking presents a "prime example" of a crime that poses a serious threat of danger); *see United States v. Stone*, 608 F.3d 939 n.6 (6th Cir. 2010) ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community." (citation omitted)). As is often the case with those who engage in drug trafficking, Oravets committed these offenses while possessing a firearm, making the crimes all the more dangerous. (*See* C.C.C.C.P. No. CR-19-636506, Indictment (filed 02/22/2019);[4] C.C.C.P. No. CR-18-635774, Indictment (filed 01/22/2019).[5]) These crimes, alone, are more than sufficient to convince this Court that Oravets is dangerous. But Oravets's criminal record also includes felony convictions for breaking and entering and being a felon in possession of a weapon. (*See* Doc. No. 24 (PSR), at 6 (¶ 31), 8 (¶ 34).) These latter crimes, which the Court finds also pose a significant threat of danger to the community, when considered in combination with his felony drug trafficking offenses, leave no doubt that Oravets is dangerous and may be prohibited from owning or possessing a firearm or ammunition. Accordingly, Oravets's "as applied" challenge to § 922(g)(1) also falls flat.

---

[4] The docket for C.C.C.P. No. CR-19-636506 can be found at: https://cpdocket.cp.cuyahogacounty.us/CR_CaseInformation_Docket.aspx?q=bFCRNQf6qXJHNJvnBps_fsw91_KronjAdyi-W43PEzM1 (last visited Aug. 29, 2024).

[5] The docket for C.C.C.P. No. CR-18-635774 can be found at: https://cpdocket.cp.cuyahogacounty.us/CR_CaseInformation_Docket.aspx?q=xmAtXpbACH1C_9jMY4TndeOolZFpEXuYftNKm5VJnHM1 (last visited Aug. 29, 2024).

III. **CONCLUSION**

For the reasons set forth above, the Court denies defendant's motion to dismiss the indictment.

**IT IS SO ORDERED**.

Dated: September 4, 2024

                                              **HONORABLE SARA LIOI**
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**